IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H.P., a minor, by and through his next friend, PATRICIA PASHIA )<br><br>    Plaintiffs, )<br><br>V. )<br><br>B.W. ROBINSON SCHOOL FOR THE SEVERELY DISABLED,<br>MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION<br>And, STATE OF MISSOURI,<br>And, MELISSA KELLEY )<br><br>    Defendants. ) | CASE NO._____ |

# PETITION FOR DAMAGES

**COMES NOW** Plaintiff, by counsel, and states the following as and for his causes of action against Defendants herein.

## SUMMARY

Plaintiff H.P., at the time described in this Petition, was five years old. He was unlawfully restrained by the Defendants while at school. He was belted into his wheelchair and his legs were tied to the wheelchair. There was bruising on his legs after

the incident. These acts by the Defendants constitute a violation under 42 U.S.C. § 1983 for negligent infliction of emotional distress and negligence per se.

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff H.P. is a minor and his interests in this lawsuit are represented by his grandmother and next friend, Patricia Pashia.

2. Both Plaintiff H.P. and Next Friend Patricia Pashia are citizens and residents of Phelps County, Missouri.

3. Defendants B.W. Robinson School for the Severely Disabled, the Missouri Department of Elementary and Secondary Education, and State of Missouri are governmental subdivisions, bodies and/or actors who maintain offices or agents within Phelps County, Missouri.

4. Defendant Melissa Kelley is an employee of the defendants and a resident of Phelps County, Missouri.

5. All of the actions described herein took place in Phelps County, Missouri. Therefore, venue is proper in Rolla, Phelps County, Missouri or alternatively, in the Eastern Division of the Eastern District of the United States District Court.

6. All of the actions and omissions described herein took place by the actions and omissions of agents, servants, and employees of defendants, all acting within the course and scope of their employment with defendants.

7. H.P., at the time described herein, was 5.3 years old and was a student at Defendant B.W. Robinson School for the Severely Disabled.

8. H.P., as a toddler, was diagnosed with autism, failure to thrive and hypotonia, which affect H.P. in the following ways:

    a. gross motor delays,

    b. delays in language development,

    c. delays in fine motor skills, and,

    d. diminished visual skills.

9. H.P. uses an adaptive stroller at home.

10. At school, H.P. uses an easy stand-stander at school on a full time basis without any difficulty.

11. He uses a wheelchair for transport only.

12. H.P. cannot safely and independently navigate his educational environment without the assistance of his teacher.

13. Hayden has limited functional communication skills which make it difficult for him to express his needs to his teacher.

14. H.P. requires maximum assistance to gesture, sign, and use a picture system to communicate.

15. Hayden was placed with defendants due to the above limitations.

16. Defendants were to provide a safe learning environment, specialized education services, and specifically specialized instruction in:

    a. Language therapy,

    b. Communication skills,

    c. Motor development skills,

    d. Communication skills,

    e. Physical therapy, and,

    f. Occupational therapy.

17. H.P. was not to be confined to his wheelchair for the school day.

18. H.P. was not to be restrained to his wheelchair.

19. On a day in April of 2018, Patricia Pashia, Hayden's grandmother and Next Friend, stopped by to check on H.P..

20. Patricia Pashia found him restrained in his wheelchair.  He was restrained with a belt and his legs were tied to the wheelchair.

21. H.P. was seated at a table, alone, facing away from the other children in the room.

22. Defendant Melissa Kelley was at her desk on her phone.

23. H.P. showed signs of neglect in that his lips were chapped; he had soiled his diaper; and, he had a dirty bib tied around his neck on which he was chewing.

24. At home, H.P. is not restrained to his wheelchair.  The family does not use restraints of any sort.

25. Patricia Pashia took him home immediately. When they returned home, Patricia Pashia noticed bruising on H.P.'s legs.

## Violation of Civil Rights

26. Federal law 42 U.S.C. § 1983 states:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

27. Plaintiff H.P. is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

28. All individual Defendants to this claim, at all times relevant, were acting under color of state law in their capacity as employees of the State of Missouri and their acts or omission were conducted within the scope of their official duties or employment.

29. Any claims against the Defendants are properly asserted against the State of Missouri.

30. At the time of the complained of events, Plaintiff has a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

31. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity.

32. Any reasonable teacher, counselor or public school official knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

33. Defendants actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's rights under the U.S. Constitution.

34. Defendants actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

35. None of the Defendants took reasonable steps to protect Plaintiff. Defendants therefore are liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking force of each other's actions.

36. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

37. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

38. These individual Defendants acted in concert and joint action with each other.

39. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

40. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

41. The Defendants to this claim at all times relevant hereto were acting pursuant to State or Department of Education custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

42. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.  As a further result of the

Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

43. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

44. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

45. The State law basis of Plaintiffs 1983 claims are stated in the Counts below.

**Count I: Negligence Per Se**

46. Plaintiff incorporates, realleges and restates herein the preceding paragraphs as though fully restated in this count.

47. Defendants violated RSMo. § 568.050 by negligently and recklessly caring for H.P. in a manner that creates a substantial risk to the life, body or health of H.P..

48. The law cited above is the law of Missouri designed to prevent the type of conduct discussed in this Petition.

49. As a direct and proximate result of Defendants negligence, Plaintiff suffered and continues to suffer from being restrained and being neglected by Defendants.

50. As a direct and proximate result of Defendant's negligence, Plaintiff suffered permanent mental and physical harm.

51. As a direct and proximate result thereof, Plaintiff suffered deprivation of his freedom, subjection to humiliating and inhumane treatment, infringement of his rights, emotional pain and suffering, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants in an amount in excess of $25,000.00, for this costs incurred herein, and for whatever other relief this Court deems just and proper.

## Count II: Negligent Infliction of Emotional Distress

52. Plaintiff incorporates, realleges and restates herein the preceding paragraphs as though fully restated in this count.

53. The defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress to five-year-old H.P..

54. Despite his language difficulties, H.P. is aware of his surroundings. He feels pain, expresses emotion, and appreciates kind acts and touches from his caregivers.

55. The emotional distress or mental injury is medically diagnosable and is sufficiently severe as to be medically significant.

56. As a direct and proximate result of Defendants negligence, Plaintiff suffered and continues to suffer from being restrained and being neglected by Defendants.

57. As a direct and proximate result of Defendant's negligence, Plaintiff suffered permanent mental and physical harm.

58. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and continues to suffer physical and mental pain and anguish.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants in an amount in excess of $25,000.00, for this costs incurred herein, and for whatever other relief this Court deems just and proper.

## Count III: Negligence

59. Plaintiff incorporates, realleges and restates herein the preceding paragraphs as though fully restated in this count.

60. Defendants had a duty to not tie or restrain H.P. to his wheelchair and to provide him reasonable care while in Defendants' custody.

61. Defendants breached those duties.

62. As a direct and proximate result thereof, Plaintiff suffered deprivation of his freedom, subjection to humiliating and inhumane treatment, infringement of his rights, emotional pain and suffering, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendants in an amount in excess of $25,000.00, for this costs incurred herein, and for whatever other relief this Court deems just and proper.

### COUNT IV: False Imprisonment

63. Plaintiff incorporates, realleges and restates herein the preceding paragraphs, except those stated in Counts I through III as though fully restated in this count.

64. Despite his language difficulties, H.P. is aware of his surroundings.  He feels pain, expresses emotion, and appreciates kind acts and touches from his caregivers.

65. Defendants detained or restrained H.P. against his will.

66. The detention or restraint was unlawful.

67. H.P. was thereby damaged.

68. Plaintiff suffered deprivation of his freedom, subjection to humiliating and inhumane treatment, infringement of his rights, emotional pain and suffering, mental anguish, and loss of enjoyment of life.

### COUNT V:  Outrageous Conduct

69. Defendants intentionally or recklessly caused severe emotional distress to Plaintiff by the actions described herein.

70. Such actions constitute extreme and outrageous conduct.

71. Such actions were taken under circumstances of malice, willfulness, wantonness, insult and inhumanity.

72. As a direct and proximate result of defendants' actions, Plaintiff suffered severe emotional distress, all to their actual damage.  Said emotional distress is medically diagnosable and of sufficient severity to be medically significant.

73. Because the actions and omissions of defendant were outrageous in that they showed an evil motive or complete indifference to the rights of others, Plaintiff is further entitled to awards of exemplary damages.

**WHEREFORE,** Plaintiff pray that the Court enter judgments against Defendants in such amounts as are fair and reasonable for their actual damages and exemplary damages and also for their costs incurred herein.

    The Law Office of Matt Uhrig, LLC

    */s/ Matthew B. Uhrig*
    Matthew B. Uhrig, #49750MO
    501 B South Henry Clay Blvd.
    P.O. Box 640
    Ashland, Missouri  65010
    573-657-2050
    573-657-2051 (fax)
    matt@muhriglaw.com

    Ludwig Law Firm, LLC

    */s/  Fredrick J. Ludwig*
    Fredrick J. Ludwig, #49678MO
    9666 Olive Boulevard, Ste. 202
    St. Louis, Missouri  63132
    314-203-0660
    855-Ludwig-1 (fax)
    fredrick@ludwig.law