UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| H.P., a minor, | ) | |
| by and through his next friend, | ) | |
| PATRICIA PASHIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 445 RWS |
| | ) | |
| B.W. ROBINSON SCHOOL FOR THE | ) | |
| SEVERELY DISABLED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

H.P., a minor, by and through his grandmother Patricia Pashia ("Plaintiff"), brought this suit against B.W. Robinson School for the Severely Disabled, the Missouri Department of Elementary and Secondary Education, the State of Missouri, and Melissa Kelley, alleging violation of his civil rights under 42 U.S.C. § 1983. Plaintiff also raised several state law claims in his complaint. At Plaintiff's request, I dismissed without prejudice all of his claims against B.W. Robinson School for the Severely Disabled, the Missouri Department of Elementary and Secondary Education, and the State of Missouri on June 8, 2020. Defendant Melissa Kelley ("Kelley") moved to dismiss the claims against her under Federal Rules of Civil Procedure 12(b)(6) on August 4, 2020. Because Plaintiff then filed an amended

complaint, I denied Kelley's first motion to dismiss as moot. On September 14, 2020, Kelley filed a new motion to dismiss under Rule 12(b)(6). I will grant this motion for the reasons set forth below.

## BACKGROUND

At the time the events underlying this suit occurred, Plaintiff was a five-year old student at the B.W. Robinson School for the Severely Disabled, where Melissa Kelley is employed. Plaintiff, who was diagnosed with autism, failure to thrive, and hypotonia as a toddler, experiences gross motor delays, delays in language development, delays in fine motor skills, and diminished visual skills. Compl. at ¶ 6. He walks with the support of an adaptive stroller or an EasyStand stander and uses a wheelchair "for transport only." Compl. at ¶ 7-9. He is never confined or restrained to his wheelchair, either at school or at home.

In April 2018, Plaintiff's grandmother stopped by the school to check on her grandson. She found him in his wheelchair, sitting alone at a table away from the other students. He was "restrained with a belt and his legs were tied to the wheelchair." Compl. at ¶ 18. Plaintiff's grandmother noticed that Plaintiff's "lips were chapped; he had soiled his diaper; and he had a dirty bib tied around his neck on which he was chewing." Compl. at ¶ 21. Later, she also noticed "bruising on [Plaintiff's] legs." Compl. at ¶ 23.

Plaintiff alleges that Melissa Kelley is a school employee and that she was "at her desk on her phone" when Plaintiff's grandmother discovered him strapped to the wheelchair. Compl. at ¶ 20. Plaintiff has not alleged any other facts regarding Kelley and her supposed role in causing the injuries of which Plaintiff complains.

## LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dep't. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In a § 1983 case, the plaintiff must state "facts that allege an action performed under color of state law that resulted in a constitutional injury." Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998) (citing Haberthur v. City of Raymore, Mo., 119 F.3d 720, 723 (8th Cir. 1997)).

## ANALYSIS

Plaintiff's amended complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff has simply alleged that
Melissa Kelley was present in the room, sitting at her desk and using her phone,
when Plaintiff's grandmother came to the school to check on her grandson.
Plaintiff has not alleged that Kelley was responsible for, or even aware of,
Plaintiff's restraint. Plaintiff has not explained who Kelley is, or whether she was
responsible for supervising or caring for Plaintiff at school. Rather, Plaintiff merely
states that Kelley is a B.W. Robinson "employee." Plaintiff's allegations do not
specify whether Kelley was Plaintiff's teacher, a classroom aide, or merely a staff
member who happened to be in the room at the time that Plaintiff's grandmother
visited.

The cases that Plaintiff cites in support of her argument that she has alleged
sufficient facts to survive the motion to dismiss—Jefferson v. Ysleta Indep. Sch.
Dist., 817 F.2d 303 (5th Cir. 1987), Rasmus v. State of Arizona, 939 F.Supp. 709
(D. Ariz. 1996), and Orange v. County of Grundy, 950 F.Supp. 1365 (E.D. Tenn.
1996)—are not Eighth Circuit cases and are therefore not binding on this Court.
Furthermore, while Plaintiff argues that the facts underlying all three of these cases
are analogous to the facts she has alleged in her amended complaint, Orange and
Rasmus were decided on summary judgment, not motions to dismiss, so the Rule
12(b)(6) pleading standard was not at issue in those cases. Additionally, all three

cases, especially <u>Jefferson</u>, focused on the defendants' claims of qualified immunity, which is not at issue here.

Plaintiff's allegations do not satisfy the pleading standard under Rule 12(b)(6) so her § 1983 claim must be dismissed. Her state law claims may be tenable, but "a violation of state law, without more, does not state a claim under the [United States] Constitution or 42 U.S.C. § 1983." <u>Bagley v. Rogerson</u>, 5 F.3d 325, 328 (8th Cir. 1993) (citations omitted). Because the federal claim has been dismissed, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence per se, negligent infliction of emotional distress, negligence, false imprisonment, and outrageous conduct. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

## <u>CONCLUSION</u>

Because I find that Plaintiff has failed to state a claim upon which relief can be granted, I will grant Melissa Kelley's motion to dismiss Plaintiff's § 1983 claim against her. Since Kelley is the last remaining defendant in this case and I am not exercising supplemental jurisdiction over Plaintiff's state law claims, this case is dismissed.

However, since Plaintiff requested leave to file a second amended complaint in her response to the motion to dismiss, I will dismiss this case without prejudice

and Plaintiff will have 14 days within which to file a motion to amend her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's motion to dismiss, [37], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2020.